UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Lee Bailey,

          Petitioner,

v.

          **MEMORANDUM OPINION AND ORDER**
          Civil No. 07-4257 ADM
          Criminal No. 03-370 ADM/AJB

United States of America,

          Respondent.

_____

Robert Lee Bailey, *pro se*.

Erica H. MacDonald, Esq., Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN, for Respondent.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Robert Lee Bailey's ("Petitioner") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion") [Docket No. 115].[1] For the reasons set forth below, Petitioner's motion is denied.

## II. DISCUSSION

In February 2004, a jury convicted Petitioner of transporting two women with the intent to engage in prostitution under 18 U.S.C. § 2421 and for being a felon in possession of a firearm under 18 U.S.C. §§922(g)(1), 924(a)(2). Verdict [Docket No. 68]. In October 2004, this Court sentenced Petitioner to an aggregate term of 140 months in prison. Sentencing Judgment [Docket No. 85]. The Eighth Circuit affirmed Petitioner's conviction but remanded the case for

---

[1] All docket references are to Criminal No. 03-370.

resentencing under <u>United States v. Booker</u>, 543 U.S. 220 (2005), which had been decided while the case was pending appeal.  <u>United States v. Bailey</u>, 142 Fed. App'x 947, 951 (8th Cir. 2005).

On remand, this Court recalculated Petitioner's guideline range and applied the U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) enhancement for possessing a firearm in connection with the commission of another felony offense.  Petitioner again appealed arguing that the application of the § 2K2.1(b)(5) enhancement was vindictive, without support in the record, and not premised on adequate factual findings.  <u>United States v. Bailey</u>, 206 Fed. App'x 650, 653 (8th Cir. 2006).  The Eighth Circuit affirmed Petitioner's sentence providing the following explanation: "The district court, moreover, correctly applied the § 2K1.2[sic](b)(5) adjustment.  A sentencing judge, who presides over a defendant's trial, 'may rely on evidence submitted at trial to support the sentence imposed.'"  <u>Id.</u> (quoting <u>United States v. Burns</u>, 276 F.3d 439, 443 (8th Cir. 2002)).

Petitioner now brings a § 2255 motion challenging his sentence.  Petitioner contends that this Court's application of the § 2K2.1(b)(5) enhancement violates the rule announced in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), because it is based on facts not found by a jury but by this Court.  Because this issue was raised by Petitioner in his second appeal and decided by the Eighth Circuit, he cannot relitigate this issue in a collateral proceeding based on 28 U.S.C. § 2255.  <u>United States v. Wiley</u>, 245 F.3d 750, 752 (8th Cir. 2001) (stating that "issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255").  There is an exception to the rule against relitigating matters decided on direct appeal where relief is necessary to avoid a miscarriage of justice, such as where a

petitioner comes forth with convincing new evidence of actual innocence.  Id.  Such is not the case here and thus Petitioner does not qualify for the miscarriage of justice exception.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 115] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 22, 2008.