# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Robert Lee Bailey,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 03-370 ADM/AJB

---

Erica H. MacDonald, Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

Robert Lee Bailey, pro se.

---

## I. INTRODUCTION

This case is before the Court on Defendant Robert Lee Bailey's ("Bailey") Motion Requesting Return of Seized Property [Docket No. 142] ("Motion") pursuant to Federal Rule of Criminal Procedure 41(g). For the reasons discussed below, Bailey's motion is granted in part and denied in part.

## II. BACKGROUND

In the fall of 2003, Minneapolis Police Sergeant Andrew Smith suspected that Bailey, a convicted felon, was running a prostitution business out of his home and possessed a firearm at his residence. Plaintiff's Response to Motion [Docket No. 148] Nygren Aff., Ex.1 ¶ 4. Pursuant to a state court search warrant, officials of the Minneapolis Police Department seized several items of Bailey's personal property including a firearm, money, drug paraphernalia, and items related to his prostitution business. Id. ¶¶ 5, 7. Although agents from the Federal Bureau of Investigation and the Bureau of Alcohol, Tobacco, Firearms and Explosives were present at the

execution of the search warrant to assist the Minneapolis Police Department, the federal agents did not obtain the warrant, direct the investigation, or seize the property. Id. ¶ 6.

Bailey was charged in federal court with a violation of federal firearms laws and the Mann Act, 18 U.S.C. §§ 2421-2427. Id. ¶ 9. In January 2004, the federal government took possession for trial certain items that had been seized from Bailey. Id. ¶ 11. At the conclusion of the trial, the United States Attorney's office returned the money and the firearm to state custody but retained possession of items that were received into evidence at trial. Id. ¶ 12.

Bailey's Motion relates to two categories of items. The first category consists of items in the federal government's possession that (1) related to Bailey's criminal case but do not belong to him; (2) are contraband that were used as an instrumentality of Bailey's crimes; and (3) were used as evidence during Bailey's prosecution. The second category consists of items that are not now nor ever have been in the federal government's possession.

### III. DISCUSSION

**A. Standard of Review**

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by . . . the deprivation of property may move for the property's return." "The movant must establish lawful entitlement to the property," and "[t]he court should afford the movant an opportunity to meet this burden, which may include, but does not require, an evidentiary hearing." Jackson v. U.S., 526 F.3d 394, 396 (2008) (citing United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000)).[1] The movant's burden can be satisfied by showing that the property

---

[1] Such motions were formerly authorized under Rule 41(e), but are now authorized under Rule 41(g). Some cases, including United States v. Felici, cited within this Order refer to Rule 41(e).

was seized from the movant's possession because a person from whom property is seized is presumed to have a right to its return. Jackson, 526 F.3d at 396. If the movant meets this burden, the government must then establish a legitimate reason to retain the property. Id. at 397. "A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" Id. (quoting United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002)).

### B. Items in the Federal Government's Possession

#### 1. Items Related to Bailey's Case But That Do Not Belong to Him

The government submitted an affidavit stating that some of the items never belonged to Bailey or were not seized from him, but rather were items purchased, obtained, or developed by the government for use in its case-in-chief against Bailey. Bailey has failed to submit any specific evidence to counter the government's assertion, but merely states that he is "the owner of the property identified." However, in the context of a Rule 41(g) Motion, such "[g]eneral or conclusory assertions will not suffice." United States v. Dean, 100 F.3d 19, 21 (5th Cir. 1996) (stating that factual allegations "must be 'sufficiently definite, specific, detailed, and nonconjectural'") Id. (quoting United States v. Harrelson, 705 F.2d 733, 737 (5th Cir. 1983)). These items include the "Trash Talker - Pimp Daddy" which was purchased by the prosecutors as a demonstrative exhibit for use at Bailey's trial; Wells Fargo account records, which were obtained by the government pursuant to a trial subpoena; and a photo of the exterior of Econolodge, which was taken by law enforcement. Bailey has failed to prove ownership of these items and he is not entitled to their possession.

## 2. Items of Contraband

The United States opposes the return of items that were used to facilitate Bailey's prostitution business on the ground that these items are contraband. These items include nude or partially-nude photographs of women taken by Bailey and used to promote his prostitution business and a black cell phone assigned to a telephone number featured in advertisements of the prostitution operation. There are two types of contraband: contraband per se and derivative contraband. United States v. Yah, No. 8:05CR116, 2008 WL 818882, at *2 (D. Neb. Mar. 20, 2008). Contraband per se is intrinsically illegal in character. Id. Derivative contraband includes items not intrinsically illegal, but which may become illegal because of some unlawful use. Id. Although these items are not contraband per se, they were used by Bailey to facilitate and promote his illegal prostitution business. Accordingly, the cell phone and photographs qualify as derivative contraband and Bailey is not entitled to their return.

## 3. Items Used as Evidence in Bailey's Prosecution

Most of the items at issue were seized by the Minneapolis Police Department pursuant to a state court search warrant; federal agents were present at the execution of the search warrant, but they did not initiate, direct, or lead the search. Rule 41(g) is more commonly used to recover property seized by federal officials, but may also be used to compel the return of items seized by state officials if the items are actually or constructively possessed by the federal government. Clymore v. United States, 164 F.3d, 569, 571 (10th Cir. 1999). Constructive possession occurs if the government either used the property as evidence in a federal prosecution or directed state officials to seize the property in the first place. Id.

In this case, the government has indicated its willingness to return non-contraband items

of which Bailey can establish ownership and over which the government had constructive possession by virtue of the fact that the items were used as evidence in the federal prosecution.[2]

### C. Items Not in the Federal Government's Possession

As to those items seized by the state authorities but which were not used as evidence in Bailey's federal prosecution and which were never or are not now in the federal government's possession, Bailey must petition the state court for the return of those items.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Bailey's Motion Requesting Return of Seized Property [Docket No. 142] is **GRANTED IN PART AND DENIED IN PART.** The government is ordered to return Bailey's: silver cell phone, titles to his four cars, mortgage paper, driver's license, and Discover card. To the extent Bailey seeks the return of other items, that request is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 4, 2009.

---

[2] There is no claim that the federal government directed the state officials to seize the property in the first place, and, therefore, the only items over which constructive possession exist are those that were used by the government in Bailey's federal prosecution.