UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,                **MEMORANDUM OPINION AND ORDER**

vs.                                              Crim. No. 03-370 ADM/AJB

Robert Lee Bailey,

                Defendant.

___

Surya Saxena, Esq. and James E. Lackner, Esq., Assistant U.S. Attorneys, Minneapolis, MN on behalf of the Plaintiff.

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, Minneapolis, MN on behalf of the Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant Robert Lee Bailey's ("Bailey") Objection [Docket No. 174] to Magistrate Judge Arthur J. Boylan's November 14, 2011 Order [Docket No. 173] denying Bailey's Motion to Require Medical Treatment [Docket No. 168]. For the reasons set forth below, the Objection is overruled.

## II. BACKGROUND

The facts relevant to this dispute are set forth in Judge Boylan's Order and are incorporated by reference. Accordingly, only a short outline of the facts is presented here.

On October 18, 2011, Bailey filed a Motion to Require Medical Treatment requesting that the Court order the United States Marshals Service ("USMS") to provide Bailey with certain medical treatment, specifically the replacement of a tooth he broke while in the custody of the USMS [Docket No. 168]. On November 14, 2011, Bailey's motion was denied by Judge Boylan [Docket No. 173]. On November 22, 2011, Bailey filed an Objection to Judge Boylan's Order

[Docket No. 174].

### III.  DISCUSSION

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.  Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996).

Bailey argues that Judge Boylan's Order is erroneous.  Specifically, Bailey disputes Judge Boylan's determination that Bailey's motion cannot be brought in the original case, but requires a separate civil lawsuit.  Bailey states that an order to provide medical care is "necessary to enforce the Marshals' duty under 18 U.S.C. § 4086 which requires safekeeping of prisoners by the U.S. Marshals."  Objection at 2.  The Government responds that 18 U.S.C. § 4086 does not create a private right of action allowing a prisoner to demand a particular medical treatment from the USMS.

In his Order, Judge Boylan stated that a "prisoner challenging the conditions of his confinement, such as inadequate medical care, must do so in a traditional civil rights action." Order at 2 (citing Kruger v. Erickson, 77 F.3d 1071, 1073 (8th. Cir. 1996)).  The Court agrees. Because Bailey must bring a Bivens action to challenge the conditions of his confinement, such as inadequate medical care, Judge Boylan's Order denying Bailey's Motion to Require Medical Treatment is neither clearly erroneous nor contrary to law.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the November 14, 2011 Order of Magistrate Judge Boylan [Docket No. 173] is **AFFIRMED**.

BY THE COURT:


     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 13, 2011.