UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

    v.                                          **ORDER**
                                                      Criminal No. 03-370 ADM/AJB

Robert Lee Bailey,

       Defendant.

_____

D. Gerald Wilhelm, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Jordan S. Kushner, Esq., Law Office of Jordan S. Kushner, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Robert Lee Bailey's Objections [Docket No. 213] to Chief Magistrate Judge Arthur J. Boylan's August 13, 2013 Order [Docket No. 211].[1] Bailey objects to the Court denying his Motion to Vacate Settlement Agreement, Extend Deadline for Civil Complaint and Appoint New Counsel [Docket Nos. 201 and 202].[2] After a thorough de novo review of the record and for the reasons stated below, Bailey's objections are overruled and Judge Boylan's R&R is adopted.

## II. BACKGROUND

In 2003, during the course of their criminal investigation of Bailey, law enforcement

---

[1] Because Judge Boylan's Order would be dispositive of Bailey's claims, the court will treat the Order as a Report and Recommendation ("R&R").

[2] Although docketed as a continued criminal matter, Bailey's objections concern civil matters as described further below.

officers seized and held items of Bailey's personal property. Six years after his jury trial and conviction, Bailey requested the return of his property, which included a wallet, cellphone, and $2,036.00 in cash. The Government was unable to locate Bailey's property. Bailey attempted to bring a claim under Federal Rules of Criminal Procedure, Rule 41. The Eighth Circuit Court of Appeals held that though Bailey could not recover under Rule 41, he had the right to convert his action against the Government into a claim for civil damages. United States v. Bailey, 700 F.3d 1149, 1152 (8th Cir. 2012).

Before he filed a civil case, Bailey entered into a settlement agreement with the Government. In exchange for the loss of his property, the Government agreed to settle Bailey's civil claim for $2,500.00. Stipulation of Settlement, Feb. 5, 2013 [Docket No. 205] Ex. A. The Government requested the United States Treasury issue a check to Bailey for the agreed-upon amount. On April 18, 2013, the Department of Treasury notified the United States Attorney's Office that the proceeds of the check had been offset against Bailey's pre-existing child support obligations. Gov't's Resp. to Mot. to Withdraw ("Gov't's Resp.") [Docket No. 205] 2.

Bailey then filed a motion to vacate the Settlement Agreement, claiming the Government breached the terms of the agreement because Bailey did not directly receive the $2,500 payment according to his understanding of the Stipulation of Settlement. The Government responded that it fulfilled its contractual obligations to the extent permitted and that the Department of Treasury legally offset the settlement funds against Bailey's past-due child support obligations. Gov't's Resp. at 3.

### III. DISCUSSION

In reviewing a magistrate judge's report and recommendation, the district court "shall

make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

Bailey argues that the settlement discussions and agreement should have notified him and reflected that the money from the settlement could be subject to the Treasury Offset Program ("TOP").[3] First, Bailey did receive notice of the potential offset of his claim prior to entering into the Settlement Agreement. The Illinois Department of Health and Family Services, Division of Child Support Services, sent a written notice on September 28, 2012, to Bailey informing him that any federal payments would be offset to pay his child support debts [Docket No. 205, Ex. C, at 1]. The notice followed the prerequisites for administrative offset outlined in 31 U.S.C. § 3716. Namely, the notice included the type and amount of Bailey's debt, the State's intention to collect the debt through administrative offset, and an explanation of Bailey's rights under the regulations of the offset program. Id. Second, the United States Attorney's Office is not responsible for Bailey's personal debts and did not have an additional responsibility to remind Bailey in the settlement agreement that the funds would be offset.

Next, Bailey argues the Secretary of the Treasury lacked the authority to offset the settlement proceeds to pay Bailey's past-due child-support obligations because his obligations are to the State of Illinois rather than to the federal government. However, 31 U.S.C. § 3716(h)(1) states that the Secretary of the Treasury may apply the offset program "with respect

---

[3] TOP is a centralized offset program, administered by the Treasury Department to collect delinquent debts owed to federal agencies and states, including past-due child support, in accordance with 31 U.S.C. § 3716.

3

to any past-due, legally-enforceable debt owed to a State." In addition, Executive Order 13,019 specifically authorizes the collection of unpaid state child-support obligations under TOP. Exec. Order No. 13,019, 61 F.R. 51763 (1996), reprinted in 31 U.S.C. § 3716 (2008). Executive Order 13019 instructs the Secretary of the Treasury to "develop and implement procedures necessary for the Secretary to collect past-due child support debts for administrative offset" under provisions of the Debt Collection Improvement Act of 1996. Id. Under 31 U.S.C. § 3716(h)(1) and Executive Order 13,019, the Secretary of the Treasury followed appropriate procedures in allowing the settlement proceeds to be diverted to past-due state child support obligations.

Finally, Bailey argues the offset program only applies to "judgments" not "settlements," and therefore, the Secretary of the Treasury lacked the authority to offset the settlement money in his case. Bailey's settlement does fall under the authority of TOP. The Code of Federal Regulations specifies the payments made by the United States that are eligible for offset:

> "Except as set forth in paragraph (e)(2) of this section, all Federal payments are eligible for offset under this section. Eligible Federal payments include, but are not limited to, Federal wage, salary, and retirement payments, vendor and expense reimbursement payments, certain benefit payments, travel advances and reimbursements, grants, fees, refunds, judgments (including those certified for payment pursuant to 31 U.S.C. § 1304), tax refunds, and other payments made by Federal agencies."

31 CFR 285.5(e)(1) (emphasis added). Bailey's settlement falls under 31 U.S.C. § 1304(a), which includes compromise settlements in suits against the United States. See 31 U.S.C. § 1304(a)(3)(A). Therefore, TOP appropriately directed the $2,500 from the Settlement Agreement to the State of Illinois to reduce Bailey's child-support obligations. The Government substantially performed its contractual obligation, and Bailey benefitted by having his child-support debt to the State of Illinois reduced. Bailey may not now withdraw from the Settlement Agreement.

4

Bailey's request for a 30-day extension of the deadline for his civil complaint and appointment of new counsel are denied as moot.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Bailey's Objections to Chief Judge Arthur J. Boylan's August 13, 2013 Order Denying Motion to Withdraw from the Settlement Agreement [Docket No. 213] are **OVERRULED**; and

2. The August 13, 2013 Order ("Report and Recommendation") [Docket No. 211] is **ADOPTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 4, 2013.